FILED
U.S. DISTRICT COURT
DIV.
2011 JUL 18 AM 10: 48
CLERK R Ave
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARCO A. VELEZ,

    Petitioner,

vs.

CIVIL ACTION NO.: CV210-100

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marco Velez ("Velez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Velez filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Velez was convicted, after pleading guilty, in the District of South Carolina of using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Velez was sentenced to 276 months' imprisonment. (Doc. No. 18, p. 2). The Fourth Circuit Court of Appeals affirmed Velez's conviction and sentence. United States v. Velez, 167 F. App'x 349 (4th Cir. 2006).

Velez filed a motion to vacate, correct, or set aside his convictions, pursuant to 28 U.S.C. § 2255, which the trial court denied. Velez appealed the denial, and the

Fourth Circuit denied his appeal. Velez v. United States, 314 F. App'x 604 (4th Cir. 2009). The Fourth Circuit denied Velez's request to file a second or successive § 2255 motion. (Doc. No. 18, p. 2).

Velez asserts that he does not qualify as a career criminal, as the United States Supreme Court recently has interpreted "crime of violence"[1] for sentencing enhancement purposes. Thus, Velez alleges, he was improperly sentenced as a career offender. Respondent contends that Velez cannot use the savings clause to bring his claims pursuant to a § 2241 petition.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

---

[1] Velez argued on direct appeal that his convictions for assault and battery of a high and aggravated nature ("ABHAN") did not qualify as crimes of violence for sentence enhancement purposes. The Fourth Circuit disagreed. 167 F. App'x at 350.

2

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Velez has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Velez asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention, as he is barred from bringing his claim pursuant to that statute based on *res judicata* principles.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice.*

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

>  applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

3

Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Velez relies on the dissenting opinion in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*). In the *en banc* Gilbert decision, the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Velez was convicted of violating 18 U.S.C. § 924(c), and the statutory sentence he faced for his conviction was not less than 25 years' imprisonment pursuant to 18

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

U.S.C. § 924(c)(1)(C)(i)[3]. The sentence imposed on Velez (276 months' imprisonment) does not exceed this statutory maximum. Thus, Gilbert does not provide Velez with his requested relief.

Even if Velez's claims are based on a retroactively applicable Supreme Court decision, he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because Velez's claims have been denied does not mean that section 2255's remedy is inadequate or ineffective. Velez has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Velez has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Velez cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Velez is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[3] During Velez's change of plea hearing, the sentencing judge informed Velez that the statutory range he faced was 5 years' to life imprisonment. (4:04-cr-00093-TLW-1, Doc. No. 69, p. 17, D. S.C.). Velez's sentence does not exceed this statutory maximum.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Velez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**. Velez's Motion to Transfer should be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 18th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)